UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joe Hand Promotions, Inc.,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No. 07-12466

Paul Zia, *et al.*,　　　　　　　　　　　　　　Honorable Sean F. Cox

    Defendants.
_____/

INTRODUCTION

    Plaintiff, a company that purchased the exclusive distribution rights to a boxing match, brought suit against Defendant Zia Brothers, Inc. d/b/a Shotz Bar and Paul Zia, one of its owners, claiming that they violated two federal statutes by intercepting the fight and playing it at the bar. Defendant Paul Zia filed an answer on his own behalf, but Zia Brothers, Inc. has not filed an answer and a Clerk's Entry of Default was issued as to it. The matter is now before the Court on Plaintiff's motion seeking a default judgment against Zia Brothers, Inc. For the reasons below, the Court shall enter a Default Judgment against Zia Brothers, Inc. that awards statutory damages of $20,000.00, and costs and attorneys' fees of $3,836.13.

BACKGROUND

    Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed this action against Defendants Paul Zia and Zia Brothers, Inc. d/b/a Shotz Bar ("Zia Brothers, Inc.") on June 8, 2007. Plaintiff's complaint alleges that it purchased the exclusive nationwide television distribution rights to the "Mike Tyson v. Kevin McBride" Heavyweight Fight Program which took place on June 11,

1

2005.  (Compl. at ¶ 11).  Plaintiff then, in turn, entered in to various sublicensing agreements with various commercial entities throughout North America, under which Plaintiff granted those entities (hotels, racetracks, bars, restaurants, etc.) the right to publicly exhibit the program.  (*Id.* at ¶ 12).

Plaintiff alleges that, "[w]ith full knowledge that the Program was not be intercepted, received and exhibited by entities unauthorized to do so, Defendants intercepted and exhibited the program, in violation of the Communications Act of 1934, as amended 47 U.S.C. § 605 *et seq*. and the Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553 *et seq.*  (*Id.* at ¶¶ 1-23). Plaintiff further alleges that the "[s]aid unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain." (Compl. at 14).

The complaint seeks statutory damages of $100,000.00 with respect to Defendants' alleged willful violation under the Communications Act of 1934, and seeks statutory damages of $50,000 with respect to Defendants' alleged willful violation under the Cable & Television Consumer Protection and Competition Act of 1992.  (*Id.* at ¶¶ 18 & 23).  Plaintiff's complaint also seeks costs attorneys fees under the statutes.

The docket reflects that on July 9, 2007, Paul Zia was personally served.  It also reflects that Zia Brothers, Inc. was served via service on its Resident Agent, Paul Zia, on that same date. (Docket Entry No. 2).  Thus, answers were due by July 30, 2007.  (*Id.*).

On July 26, 2007, proceeding *pro se*, Defendant Paul Zia filed an answer to the complaint on his own behalf only.  (Docket Entry No. 3).

2

On November 5, 2007, Plaintiff requested a Clerk's Entry of Default as to Defendant Zia Brothers, Inc. The Clerk's Entry of Default as to Defendant Zia Brothers, Inc. was issued on November 6, 2007. (Docket Entry No. 5).

On January 4, 2008, Plaintiff filed the instant Motion seeking a default judgment against Defendant Zia Brothers, Inc. On January 14, 2008, this Court issued a Notice setting the motion to be heard on February 7, 2008. (Docket Entry No. 14). On February 7, 2008, this Court issued an order requesting additional information from Plaintiff's counsel, which was then provided on February 13, 2008.

## ANALYSIS

Plaintiff's complaint alleges a willful violation under the Communications Act of 1934, and a willful violation under the Cable & Television Consumer Protection and Competition Act of 1992. It is well established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See e.g., Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110-11 (6th Cir. 1995). Therefore, by its default, Zia Brothers, Inc. has admitted all facts to establish its liability. Plaintiff is therefore entitled to a default judgment pursuant to FED. R. CIV. P. 55(b). Plaintiff, however, must still establish its damages.

A.  The Court Shall Award $20,000.00 In Statutory Damages.

Plaintiff's Motion for Entry of Default Judgment asserts that Plaintiff is entitled to a judgment against Defendant Zia Brothers, Inc. in the amount of $151,000. Plaintiff seeks: 1) $100,000 for the violation of 47 U.S.C. § 605; and 2) $50,000 for the violation of 47 U.S.C. § 553.

3

Section 553, which governs unauthorized reception of cable services, provides for criminal penalties and fines for willful violation:

> (b) Penalties for willful violation.
> (1) Any person who willfully violates subsection (a)(1) of this subsection shall be fined not more than $1,000 or imprisoned for not more than 6 months, or both.
> (2) Any person who violates subsection (a)(1) of this section willfully and for purposes of commercial advantage or private financial gain shall be fined not more than $50,000 or imprisoned for not more than 2 years, or both, for the first such offense and shall be fined not more than $100,000 or imprisoned for not more than 5 years, or both, for any subsequent offense.

(47 U.S.C. § 553(b)). The statute further provides for monetary damages in a civil action brought for a violation of subsection (a)(1):

> (3)(A) Damages awarded by any court under this section shall be computed in accordance with either of the following clauses:
> (I) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages . . . Or
> (ii) the party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just.
> (B) In any case in which the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory under subparagraph (A), by an amount of not more than $50,000.

(47 U.S.C. § 553 (c)).

Section 605 contains similar language authorizing monetary damage awards in civil actions for violations of it and, like § 553, provides for an election between either actual damages or statutory damages:

> (C)(I) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses:
> (I) the party aggrieved may recover the actual damages suffered by him . . . or

> (II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just . . .
> (ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this subsection.

47 U.S.C. § 605 (e)(3)(C)(I).

Thus, an aggrieved party can elect between recovering either actual damages or seeking statutory damages. Plaintiff has elected to pursue statutory damages in this action. Statutory damages for a violation of § 553 range from $250 to $10,000, while the statutory damages for a violation of § 605 range from $1,000 to $10,000, as the "court considers just." If the Court finds the violation was committed willfully and for the purpose of commercial advantage, then the Court has the discretion to increase the award of damages: 1) under § 553 by an amount of not more than $50,000; and 2) under § 605 by an amount of not more than $100,000.

Here, Plaintiff is asking the Court to award the maximum amount of statutory damages that are within the Court's authority to award under each of the two statutes.

The amount of the award is within the sound discretion of the Court. *See, e.g., Time Warner Cable of New York v. Olmo*, 977 F.Supp. 585, 589 (E.D. N.Y. 1997); *Home Box Office v. Champs of New Haven, Inc.*, 837 F.Supp. 480, 484 (D. Conn. 1993).

The investigator's affidavit that was submitted to the Court indicates that 10 or 11 people were in the bar at the time the fight was being shown. Moreover, there is no indication that the bar advertised that the fight would be shown, it was not imposing a cover charge to enter the bar, and this appears to be the first offense of this nature by Zia Brothers, Inc. Based on upon all the evidence that has been submitted to the Court, the Court does not believe that this case warrants

an award of the maximum amount of statutory damages that are authorized under the statute. After careful consideration, the Court concludes that a total statutory damage award of $20,000.00, is an appropriate award under the facts of this particular case. That $20,000.00 statutory damage award consists of a $10,000.00 award under § 605 and a $10,000.00 award under § 553.

B.   The Court Shall Award Costs And Attorneys' Fees Of $3,836.13.

Plaintiff's motion also seeks recovery of its attorneys' fees and relevant costs incurred as provided for pursuant to 47 U.S.C. Section 553, *et seq*. and 47 U.S.C. Section 605, *et seq*." (Pl.'s Motion at ¶ 9).

Section 605 provides that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Section 553 provides that the court has discretion to direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails. 47 U.S.C. § 553(c)(2)(C).

Here, Plaintiff's counsel in this action, Gene R. Kohut, provided an itemized statement of his fees in this action and an affidavit supporting same. Those fees total $3,000.00, which is comprised of 12 hours of work at an hourly rate of $250.00. The Court concludes that those[1] requested fees are reasonable and appropriate. The Court also concludes that the requested costs of $836.13, which are comprised of the following amounts, are reasonable: $375.00 for

---

[1] Plaintiff also requested that the Court award attorney fees of $1,700.00 that were incurred by a California attorney, Thomas P. Riley, who states that he was "prior counsel to the Plaintiff in this action." The Court does not believe that the attorney fee award should include the fees of Mr. Riley, who never appeared in this action.

investigative costs; postage and photocopying expenses of $56.13; $350.00 for the filing fee for this action; and $55.00 for process/server costs.

## CONCLUSION

For the reasons above, IT IS ORDERED that Plaintiff's Motion for Default Judgment is GRANTED IN PART AND DENIED IN PART.  The motion is GRANTED in that the Court shall enter a default judgment against Defendant Zia Brothers, Inc. awarding Plaintiff statutory damages of $20,000.00, and costs and attorneys' fees of $3,836.13.  The motion is DENIED in all other respects.

IT IS SO ORDERED.

S/ Sean F. Cox
United States District Judge

Date:  February 20, 2008

I hereby certify that on February 20, 2008, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Paul Zia
4608 Stratford
Warren, MI 48092

S/ Jennifer Hernandez
Case Manager